ELIZABETH McCOWN, ET AL. v. C. A. WICKLIFFE'S EXRS.

**Title to Real Estate.**

> One who claims land as assignee of another must be able to show that his assignor had a valid claim or title, and where he fails to do so, but has possession of the land, his possession is that of the real owner and those claiming under him.

APPEAL FROM NELSON CIRCUIT COURT.

October 4, 1884.

OPINION BY JUDGE LEWIS:

The land in controversy in this case is a part of lot No. 73 according to the plan of the town of Bardstown and is about one-fourth of an acre in area.

It appears that C. A. Wickliffe, deceased, under whom the plaintiff below and appellees here claim, had claimed as his own and paid taxes on the lot many years previous to 1857 though it was not enclosed or occupied by him, nor does this record snow he ever had any paper title. But in September of that year he entered into

a written contract in regard to the land with H. W. McCown, the husband of Elizabeth McCown, under whom appellants claim.

After reciting in that contract that McCown claimed the land as assignee of one, I. M. Doom, who is said to have acquired it at a sale years before for town taxes, that Wickliffe had claimed and paid taxes upon it as his property for fifteen or twenty years; and that McCown was anxious to enclose and build an office upon it, Wickliffe consenting he might do so, the parties agreed that if upon examination the tax title of Doom should be valid, so much as he had purchased should be assigned to McCown, the remainder to Wickliffe. But if his title should not be good McCown might retain the possession of the whole at a ground rent of ten dollars per year until the rent should pay for the improvements.

The terms of the contract evidenced by the writing as well as H. W. McCown's possession thereafter under it, are shown also by oral testimony taken and heard in the case.

It does not however apear in the record elsewhere than in the recital contained in the written contract mentioned that H. W. McCown ever held or claimed the lot under any sale or assignment to him by I. M. Doom. On the contrary in 1856 before that contract was made Doom sold and conveyed to Elizabeth McCown a house and lot situated on the same street, but separated from the land in controversy by a public alley, and in the same deed sold without warranty of title part of lots Nos. 71 and 73, which it was stated therein he claimed by purchase for taxes.

The contract between C. A. Wickliffe and H. W. McCown, corroborated as it is by oral testimony; is competent to show the relation between them and the character of possession held by the latter.

There is no attempt to show any title to the land in dispute in I. M. Doom, nor does the evidence authorize the conclusion that Elizabeth McCown ever during the life of her husband had the possession of it. By the terms of the contract between Wickliffe and McCown it was incumbent on McCown to show that Doom had a valid claim or titlte to the land in virtue of his pretended purchase at a sale for taxes. And never having done so his possession of the land must be regarded and held as the possession of Wickliffe and those claiming under him. And as it appears from an agreed statement of facts in the record that a ground rent of ten dollars per year from September, 1857, to August 1st, 1880, would

pay for all the improvements that H. W. McCown ever put upon the property, and the continued possession of Wickliffe and of appellees by McCown, the tenant, has been long enough to become a complete title, and in our opinion they had a right of action in 1882 when their petition was filed and were entitled to recover.

It necessarily follows that if appellees were the owners and entitled to recover the land, they were also entitled to reasonable rents from August 1st, 1880.

Wherefore the judgment is *affirmed*.

*John S. Kelly, Muir & Wickliffe, for appellants.*

*J. W. Thomas, for appellees.*

